## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| **SEAN SWAIN,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:21CV00107 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **JOHN WOODSON, WARDEN,** ) | By: James P. Jones |
| ) | United States District Judge |
| Respondent. ) | |

*Sean Swain, Pro Se Petitioner.*

The petitioner, Sean Swain, an inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus, challenging his confinement with the Virginia Department of Corrections ("VDOC"). With his petition, Swain also filed a motion seeking an "Emergency Preliminary Injunction and/or Restraining Order," to prevent his wrongful transfer outside this court's jurisdiction. Given the nature of Swain's allegations and public records of his criminal history, I conclude that this motion must be denied.

Swain alleges that on April 14, 2019, unnamed persons in military garb put him in a black van and delivered him to VDOC custody, although he has never been convicted of a crime in Virginia. He states that VDOC officials claim the basis for Swain's detention is a 1991 conviction and sentence imposed in Ohio, but Swain asserts that this conviction and sentence were reversed and vacated in 1993,

allegedly making his detention unlawful. Swain also claims that while at Buckingham Correctional Center, a VDOC prison facility, officials have denied him forms of communication available to other similarly situated inmates. Swain's motion asks the court to order VDOC officials *not to transfer* him until after the completion of this litigation, to prevent him from being spirited away to some other jurisdiction.

 The party seeking preliminary injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. Id. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22.

 The record in this case indicates that VDOC officials clearly have not denied Swain access to all forms of communication, as he alleges. He has been able to file

this habeas action, to receive and respond by mail to a court Order in the case, and to file several motions in the case.[1]

Moreover, a publicly available court decision contradicts Swain's claim that he is wrongfully imprisoned. *State v. Swain*, No. E-95-011, 1996 WL 402026 (Ohio Ct. App. July 19, 1996).

> On December 4, 1991, a jury found appellant, Sean Swain, guilty of aggravated murder, a violation of R.C. 2903.01. On October 29, 1993, this court reversed [Swain's] conviction finding that the trial court had improperly excluded evidence through the use of an invalid local discovery rule. A new trial commenced on January 27, 1995. On February 10, 1995, a jury found [Swain] guilty of aggravated murder and murder. He was sentenced to life in prison.

*Id.* at *1. The court of appeals affirmed the trial court's judgment. *Id.* at *8. I have found no record showing that this 1995 conviction and sentence have been overturned. Although a person subject to a prison sentence imposed by an Ohio court may normally serve that prison time in an Ohio prison facility, he has no constitutionally protected right to do so. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State.").

---

[1] Swain's motions alleging confiscation of unspecified legal materials will be separately addressed.

Given Swain's prison sentence and his admission that VDOC officials are detaining him pursuant to an Ohio court judgment, I find that Swain's fears of being suddenly imprisoned elsewhere in the absence of court intervention are speculative. I find his complaints of being unable to communicate or litigate his case without court-ordered protection against a transfer are similarly unsupported by the record. Therefore, I conclude that Swain has not met the first two factors of the *Winter* analysis, as required to warrant the interlocutory injunctive relief that he seeks. Accordingly, it is **ORDERED** that the motion, ECF No. 2, is DENIED.

ENTER: May 3, 2021

/s/ JAMES P. JONES
United States District Judge