## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **SEAN SWAIN,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:21CV00107 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JOHN WOODSON, WARDEN,** | ) | Judge James P. Jones |
| | ) | |
| Respondent. | ) | |

*Sean Swain, Pro Se Petitioner.*

The petitioner, Sean Swain, an inmate proceeding pro se, filed this action as a Petition for a Writ of Habeas Corpus, challenging his confinement in the Virginia Department of Corrections ("VDOC"). Swain also filed numerous motions seeking interlocutory injunctive relief, motions that I find to be inappropriately filed in a habeas action. Swain has since notified the court that he has been transferred to the custody of officials in another jurisdiction outside Virginia. After review of the record, I conclude that Swain's motions seeking interlocutory injunctive relief, as well as his habeas action, must be dismissed without prejudice as both moot and frivolous. I also conclude that Swain's habeas Petition must be summarily dismissed for failure to exhaust available state court remedies.

I.

When Swain filed his Petition, he was confined at Buckingham Correctional Center ("Buckingham"), a prison facility operated by the Virginia Department of Corrections ("VDOC").  Although Swain styled his Petition as arising under 28 U.S.C. § 2241, the court construed his Petition as one arising under 28 U.S.C. § 2254, because his submissions indicated that he was confined based on a state court judgment from Ohio.  He claimed, however, that he was being unlawfully confined without a valid state conviction or sentence.

Simultaneously with his Petition, Swain filed a motion seeking interlocutory injunctive relief.  Despite claiming that he was wrongfully confined, he contended that the court should issue an order preventing his transfer away from Virginia.  I denied this motion, finding that Swain's stated fears of being wrongfully imprisoned elsewhere were merely speculative.  *Swain v. Woodson*, No. 7:21CV00107, 2021 WL 1731748, at *1-2 (W.D. Va. May 3, 2021) (citing *State v. Swain*, No. E-95-011, 1996 WL 402026 (Ohio Ct. App. July 19, 1996)).[1]

---

[1] Publicly available state court records from Ohio indicated that in 1995, Swain was convicted of murder and sentenced to life in prison. *Swain*, 1996 WL 402026, at *1.  Swain did not allege, nor did records indicate, that this sentence had been vacated or otherwise invalidated.  Therefore, I concluded that Swain's claimed fear of being wrongfully confined was merely speculative and did not warrant interlocutory injunctive relief. *Swain*. 2021 WL 1731748, at *2.

Since Swain filed his Petition and his initial interlocutory relief motion, he has filed additional motions for immediate court intervention.  Three remain pending.

In the first such motion, Swain alleges that prison officials had "st[olen] [his] legal mail" related to the case in some unspecified respect.  Mot. 1, ECF No. 5.  He states that in early March 2021, after opening legal mail in Swain's presence as policy requires, an officer asked him about the contents of the mailing and then took parts of it away with him.  Without providing any information about the content of this mailing, Swain demands that the court order officials to return it to him.

In the second motion seeking interlocutory relief, Swain asks the court to send the U.S. Marshals Service ("USMS") to demand that Buckingham officials relinquish his "stolen legal materials" and to provide them to the court for review. Mot. for Order 1, ECF No. 7.  Swain claims that prison officials refused to comply with his many demands that the materials be mailed to the court.  The Magistrate Judge directed Buckingham's Warden to respond to Swain's motion.  In response, the Warden states that, as Swain has also alleged, the legal materials taken from Swain at Buckingham were returned to the sender.[2]  Because Buckingham does not

---

[2]  Swain's submissions indicate that an officer took some written sheets of paper from Swain's legal mail as being possibly prohibited by VDOC policy.  Ultimately, a VDOC security official returned materials to the sender with a letter, stating:

> I am enclosing and returning to you a portion of a communication I understand you sent to Inmate Sean Swain, #2015638.  Based on information known to the [VDOC], it appears that the item may not be protected by any

have the materials, the USMS could not retrieve them from Buckingham officials, as Swain requests.

In Swain's third motion demanding immediate court intervention, he claims that he is now in the unlawful custody of a jurisdiction outside the territory of Virginia or the United States.  He contends that this court should dispatch the USMS to rescue him and return him to Virginia.  Specifically, Swain alleges that in early October 2021, "non-state agents" kidnapped him and transported him across state lines to "Greeneville Territory," as defined in the Treaty of Greeneville in 1795. Mot. 2, ECF No. 23.  According to Swain, this territory is located between Pennsylvania and Indiana, but is "outside the jurisdiction of the United States." *Id.* Swain asserts that "any state action that presumed to incorporate Greeneville Territory into a state, subsequent to the Treaty of Greeneville, is void ab initio." *Id.* He goes on to claim that a state is a "corporation" and that he was residing in "Greeneville Territory" when "kidnapped and held hostage by non-state actors," to be subsequently "held without a legal conviction or sentence from any valid state

---

attorney-client privilege, and may be an attempt to circumvent VDOC's operating procedures . . . .  No one in the [VDOC] has reviewed the contents of this document.

If the correspondence item conforms with VDOC's policies concerning general correspondence, it may be re-submitted in compliance with those policy provisions.

Mot. for Order Ex. 4, ECF No. 11-2.

court, as no valid state exists in Greeneville Territory." *Id.* at 3. Swain alleges that he was then transferred to VDOC custody, where he filed this habeas action to vindicate his allegedly illegal confinement. Instead of allowing him to complete his habeas lawsuit in Virginia, VDOC authorities allowed him to be transferred back to "the clutches of rogue thugs with the same legitimacy as Somali pirates." *Id.* at 4. On this background, Swain asks me to order the USMS to "enter Greeneville Territory and secure [Swain's] unconditional and permanent release from unlawful confinement" there. *Id.*

## II.

As an initial matter, Swain's demands for interlocutory injunctive relief regarding his legal mail are not properly raised in a habeas petition. Habeas petitions are intended for an inmate's challenge to "the very fact or duration of his physical imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, courts generally agree that a state inmate's challenges to the conditions of his confinement, such as problems with his incoming mail, are appropriately raised not in a habeas petition, but in a civil rights action under 42 U.S.C. § 1983 (authorizing suit against state officials for violations of plaintiff's constitutional rights). *See, e.g., Braddy v. Wilson*, 580 F. App'x 172, 173 (4th Cir. 2014) (unpublished) (deciding that when petitioner alleged constitutional violations "regarding only the conditions of his confinement," not the fact or duration of his sentence, his claims were properly

brought in civil rights action, and not in habeas petition); *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005) (holding that filing habeas petition challenging condition of confinement was improper).

Under these principles, I conclude that Swain's first two motions for interlocutory injunctive relief regarding his incoming legal mail must be dismissed. Such claims are properly raised in a civil rights action under § 1983, and not in a habeas case. Swain remains free to file a § 1983 case if he so desires. Moreover, it is undisputed that Buckingham officials no longer possess the mailing that Swain seeks to recover. Accordingly, I find that his motions seeking recovery of that mailing at Buckingham to be moot.

Swain's third motion for immediate court intervention must also be dismissed as moot. Swain admits that he is no longer confined within this judicial district. *See also Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive . . . relief with respect to his incarceration there."). Therefore, I find no legal basis on which to direct federal or state officials to return Swain to this jurisdiction as he requests. Moreover, I find his allegations in this third motion — that his transfer from Buckingham in Virginia to an Ohio prison constituted kidnapping across an international border — to be factually and legally frivolous. *See* 28 U.S.C.

§ 1915A(b)(1) (authorizing court to dismiss prisoner's frivolous filings in civil rights context).

### III.

Under 28 U.S.C. § 2254(b), a federal court like this one cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted.  The exhaustion requirement is satisfied by seeking review of the claims, throughout the state court system, to the highest state court with jurisdiction to consider the claims.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  For claims of wrongful confinement in Virginia like those that Swain alleges, a petitioner may file a state habeas corpus petition in the state circuit court where he was confined, with an appeal of an adverse decision to the Supreme Court of Virginia.  Va. Code Ann. § 8.01-654(A)(1); § 17.1-406(B).  A petitioner must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254.

On the face of Swain's habeas Petition, he asserts that he was being held in state custody without a valid conviction or sentence by a federal or state court.  Yet, Swain does not indicate filing any court action whatsoever in any Virginia state court challenging the validity of his confinement in Virginia.  State court records available online also do not indicate that he filed a habeas petition in any state court concerning

his temporary detainment in Virginia custody.  Accordingly, I cannot find that Swain exhausted available state court remedies as required under § 2254(b) before filing his federal Petition, which requires me to dismiss his Petition without prejudice. *Slayton v. Smith*, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition must be dismissed without prejudice if petitioner has not presented his claims to the appropriate state court and could still do so).

## IV.

In accordance with the foregoing, I conclude that Swain's habeas Petition must be summarily dismissed without prejudice, based on his failure to demonstrate that he exhausted available court remedies before proceeding in federal court.  I also conclude that Swain's motions for interlocutory relief, ECF Nos. 5, 7, and 23, must be denied.

An appropriate Final Order will enter herewith.

DATED:   December 7, 2021

/s/  JAMES P. JONES
Senior United States District Judge